**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

PREM BARAL,

Plaintiff, Civil Action No.

v.

INTRA-NATIONAL HOME CARE, LLC, DILLI ADHIKARI, and MEG SUBEDI,

ELECTRONICALLY FILED

Defendants.

**Jury Trial Demanded**

# COMPLAINT

AND NOW, this 13th of July, 2020, comes the Plaintiff Prem Baral, by and through his undersigned attorneys, and brings this Complaint against Defendant Intra-National Home Care, LLC, Dilli Adhikari, and Meg Subedi (collectively "Defendants"), and in support thereof avers as follows:

## Parties

1. Plaintiff Prem Baral ("Plaintiff" or "Baral") is an adult individual domiciled at 1348 Jasmine Lane, Lancaster, PA 17603.

2. Defendant Intra-National Home Care, LLC ("INHC") is a for-profit, limited liability company registered under the laws of the state of Michigan. INHC's local registered business address is 1620 Skyline Dr., Apt. 18, Pittsburgh, PA 15227. INHC's Harrisburg office is located at 801 East Park Drive, Suite 101, Harrisburg, PA 17111.

3. Defendant Dilli Adhikari and Defendant Meg Subedi ("Individual Defendants") are each adult individuals residing in Harrisburg, Pennsylvania. Individual Defendants work at INHC's Harrisburg office.

**Jurisdiction and Venue**

4. Plaintiff's claims arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). This Court has subject matter jurisdiction over Plaintiff's FLSA action pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b), because substantially all of the events or omissions giving rise to this claim occurred within this judicial district.

**Factual Background**

6. INHC provides non-medical, in-home care services to "consumers" in Pennsylvania, Ohio, and Michigan.

7. INHC employs Direct Care Workers, who act as caregivers for individuals in these states who are homebound due to illness, disability, or old age.

8. These Direct Care Workers engage in interstate commerce by providing services to individuals within one state while under the employment of, and while being compensated by, entities from other states.

9. Baral worked for INHC in multiple positions between April 2018 and May 2020. Baral was employed as a Direct Care Worker for INHC between April 2018 and July 2018.

10. While Baral worked on-site between April 2018 and July 2018, he received orders and was supervised by employees from the Defendant IRHC's Harrisburg office.

11. Direct Care Workers like Mr. Baral provide companionship and personal care services to individual consumers. In certain situations, INHC is able to hire their consumer's family members to act as Direct Care Workers.

12. Between April 2018 and July 2018, Baral worked for INHC by providing direct care services to his mother.

13. INHC is reimbursed by Medicare and/or Medicaid for the companionship and home health services provided by their Direct Care Workers.

14. Defendant INHC is an "employer" and Baral was its "employee" as those terms are defined in the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 203(d) and (e)(1); the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.2a; and, the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.103(g).

15. During this period, the Individual Defendants were each owners and/or managers of INHC and were each responsible for INHC's policies and procedures with respect to compensation of Direct Care Workers.

16. The Individual Defendants were "employers" as that term is defined in the FLSA. 29 U.S.C. § 203(d) ("'employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee. . .").

17. The Individual Defendants were "employers" as that term is defined by the PMWA. 43 Pa. Cons.Stat. § 333.103 ("employer" defined as "any **individual** . . . or any person or group of persons acting, directly or indirectly, in the interest of an employer in relation to any employe[e].") (emphasis added).

18. The Individual Defendants were "employers" as that term is defined in the WPCL. 43 P.S. 260.2a ("employer" defined to include "**every person** . . . and any agent or

officer of any of the above-mentioned classes employing any person in this Commonwealth." ) (emphasis added).

19. While Baral worked as a Direct Care Worker, he was an hourly employee and was paid every two weeks.

20. Baral's paychecks indicated that he regularly worked in excess of 40 hours a week.

21. Baral's paychecks indicate that, on a biweekly basis, he worked between 168 and 184 hours each pay period--or 84-92 hours per week--and was paid on an hourly basis.

22. Defendants never paid Baral an overtime premium for work performed between April 9, 2018 and July 15, 2018 in excess of 40 hours per week.

23. Specifically, Baral was never paid overtime for the following pay periods[1]:

| Period Ending | Hours Worked | Overtime Hours |
|---|---|---|
| 4/22/2018 | 168 | 88 |
| 5/6/2018 | 168 | 88 |
| 5/20/2018 | 168 | 88 |
| 6/3/2018 | 168 | 88 |
| 6/17/2018 | 168 | 88 |
| 7/1/2018 | 168 | 88 |
| 7/15/2018 | 184 | 104 |

24. Upon information and belief, INHC sought reimbursement from Medicare and/or Medicaid for every hour paid to Baral.

[1] This data was derived from Baral's pay stubs. This chart reflects the unpaid overtime hours that Plaintiff is able to point to with the evidence available to him at this time, and it is by no means an exhaustive or final calculation of Plaintiff's claimed damages.

25. Defendants never indicated that Baral was exempt from overtime protections under either the FLSA or the Pennsylvania Minimum Wage Act.

26. Defendants never provided Baral notice of his right to overtime payments in accordance with the FLSA and/or the regulations enacted thereunder. 29 C.F.R. § 516.4.

27. Baral was never in an employment relationship with his mother, the individual he provided home health care services to during the months identified above.

28. During this period, Baral was employed *solely* by INHC, its agents, and its officers.

29. Defendants are, collectively, a "Third Party Employer," as that term is used in regulations implementing the FLSA and Pennsylvania wage protection statutes. 29 C.F.R. § 552.109; 43 PA. STAT. § 333.105(a)(2).

**COUNT I—FLSA OVERTIME VIOLATION**
**29 U.S.C. § 201, *et seq.***
**(All Defendants)**

30. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

31. At all times material herein, Baral was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, et seq.

32. The FLSA regulates, among other things, that employers pay overtime to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

33. Defendants are subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce with customers in several states and their employees are engaged in commerce.

34. Defendants violated the FLSA by failing to pay for overtime. In the course of perpetrating these unlawful practices, Defendants failed to keep accurate records of all hours worked by its employees.

35. Baral is not a member of any class or category of employees exempt from overtime requirements in either the FLSA or the regulations promulgated thereunder. *See* 29 U.S.C. § 213.

36. Baral is entitled to damages incurred within the three-year period preceding the filing of his Complaint, because Defendants acted willfully and knew, or showed reckless disregard for, whether their conduct was prohibited by the FLSA.

37. As a result of Defendants' unlawful acts, Baral has been deprived of overtime compensation and other wages in amounts to be determined at trial, and Baral is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**COUNT II—PENNSYLVANIA MINIMUM WAGE ACT**
**OVERTIME VIOLATION**
**43 P.S. § 333, *et seq.***
**(All Defendants)**

38. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

39. Pursuant to 43 P.S. § 260.3(a), Defendants are required to pay Baral overtime wages for his hours worked in excess of 40 hours per week.

40. For several months, Defendants failed to pay Baral the state required time-and-a-half hourly wage for the time he worked over 40 hours per week.

41. Baral is not a member of any class or category of employees exempt from overtime requirements in either the PMWA or the regulations promulgated thereunder.

42. Defendants failed to properly compensate Baral for at least 14 weeks of work performed between April 2018 and July 2018.

43. Baral is entitled to damages incurred within the three-year period preceding the filing of his Complaint.

44. Defendants acted willfully and knew, or showed reckless disregard for, whether their conduct was prohibited by the PMWA.

45. As a result of Defendants' unlawful acts, Baral has been deprived of overtime compensation and other wages in amounts to be determined at trial, and Baral is entitled to recovery of such amounts, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 43 P.S. § 333.113.

**COUNT III—PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW**
**UNPAID WAGES**
**43 P.S. § 260.9a**
**(All Defendants)**

46. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

47. Baral was an "employee" and Defendants were his "employer" as those terms are defined in the Pennsylvania WPCL. 43 P.S. § 260.2a.

48. The Pennsylvania WPCL allows employees to bring a private civil action to recover unpaid wages and liquidated damages. 43 P.S. § 260.9a.

49. Overtime wages are wages which must be paid and are recoverable under the WPCL. 43 P.S. § 260.3.

50. Defendants denied Baral overtime payments for over four months.

51. Defendants' violations of the Pennsylvania WPCL were willful and knowing.

52. As a result of Defendants' unlawful acts, Baral has been deprived of overtime compensation and other wages in amounts to be determined at trial, and Baral is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 43 P.S. § 260.9a.

**Request for Relief**

WHEREFORE, Plaintiff demands judgement against Defendants and damages in an amount to be determined at trial, as follows:

a. That Plaintiff be awarded actual and consequential damages to make Plaintiff whole, including back pay with prejudgment interest, front pay, and compensation for lost benefits, in an amount to be proven at trial, and other affirmative relief necessary to eradicate the effects of Plaintiff's damages associated with Defendants' failure to pay overtime;

b. That Plaintiff be awarded liquidated damages in accordance with 29 U.S.C. § 216(b) and/or 43 P.S. § 260.10;

c. That Plaintiff be awarded the costs of this litigation, including reasonable attorney's fees and costs, pursuant to 29 U.S.C.A. § 216(b), 43 P.S. § 333.113, and/or 43 P.S. § 260.9a; and

d. That Plaintiff be awarded such further relief as deemed to be just and proper.

**Demand for Jury Trial**

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Date: July 13, 2020

Respectfully Submitted,

*/s/ Marcus B. Schneider*
Marcus B. Schneider, Esquire
PA I.D. No. 208421
STEELE SCHNEIDER
420 Ft. Duquesne Blvd, Suite 500
Pittsburgh, PA 15222
(412) 235-7682
(412) 235-7693/facsimile
marcschneider@steeleschneider.com

Attorney for Plaintiff Prem Baral