**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PREM BARAL,<br><br>Plaintiff,<br><br>v.<br><br>INTRA-NATIONAL HOME CARE, LLC, DILLI ADHIKARI, and MEG SUBEDI,<br><br>Defendants. | Civil Action No. 1:20-CV-1195-SES<br><br>**Hon. Chief Magistrate Judge Susan E. Schwab**<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, by and through undersigned counsel, hereby answer the Complaint filed on July 13, 2020 in this matter and state as follows:

1. Admitted.

2. Admitted that Intra-National Home Care, LLC ("Intra-National") employs approximately three thousand Direct Care Workers ("DCWs") in Pennsylvania, Ohio, and Michigan. The remaining allegations of this paragraph are conclusions of law to which no answer is required. To the extent that an answer is required, these allegations are specifically denied.

3. Denied. By way of further response, Mr. Adhikari resides in the Columbus, Ohio area and works from Intra-National's Columbus office. Mr. Subedi lives in the Pittsburgh area and works from Intra-National's Pittsburgh office.

### Jurisdiction and Venue

4. The averments of paragraph 4 contain conclusions of law, to which no response is required. To the extent a response is required, the same are denied.

5. The averments of paragraph 5 contain conclusions of law, to which no response is required. To the extent a response is required, the same are denied.

## Factual Background

6. The averments of paragraph 6 are denied as stated. Intra-National employs DCWs who then provide non-medical, in-home care services to individuals in Pennsylvania, Ohio and Michigan,

7. Admitted.

8. The averments of paragraph 8 contain conclusions of law, to which no response is required. To the extent a response is required, the same are denied.

9. Admitted.

10. To the extent the averments of paragraph 10 contain conclusions of law, no response is required. To the extent a response is required, the same are denied. The factual averments of paragraph 10 are admitted in part and denied in part. It is admitted that while employed as a DCW, Baral was assigned to work with a specific individual and certain aspects of his employment were supervised by Intra-National employees. It is denied that Intra-National was the sole employer of Baral and it is denied that Intra-National was the solely responsible for the supervision of Baral.

11. Admitted. By way of further response, the majority of Intra-National's DCW employees work for a family and/or household member.

12. Admitted.

13. The averments of paragraph 13 admitted in part and denied in part. It is admitted that Intra-National receives payment by Medicare and/or Medicaid for services provided to qualifying individuals. It is denied that this is the only form of payment available for services provided by DCWs.

14. The averments of paragraph 14 contain conclusions of law, to which no response is required. To the extent a response is required, the same are denied.

15. The averments are admitted in part and denied in part. It is admitted that Dilli Adhikari is the owner and CEO and Meg Subedi is the Chief Finance Officer of Intra-National and participate in the creation of policies and procedures for Intra-National's compensation policies. The remaining averments of paragraph 15 contain conclusions of law, to which no response is required. To the extent a response is required, the same are denied.

16. The averments of paragraph 16 contain conclusions of law, to which no response is required. To the extent a response is required, the same are denied.

17. The averments of paragraph 17 contain conclusions of law, to which no response is required. To the extent a response is required, the same are denied.

18. The averments of paragraph 18 contain conclusions of law, to which no response is required. To the extent a response is required, the same are denied.

19. Admitted.

20. The averments of paragraph 20 are denied.

21. The averments of paragraph 21 are denied.

22. The averments of paragraph 22 are denied.

23. The averments of paragraph 23 are denied.

24. The averments of paragraph 24 are denied as stated. Intra-National seeks payment for the hours worked by Baral through Medicare and/or Medicaid.

25. The averments of paragraph 25 contain conclusions of law, to which no response is required. To the extent a response is required, the same are denied.

26. The averments of paragraph 26 contain conclusions of law, to which no response is required. To the extent a response is required, the same are denied.

27. The averments of paragraph 27 contain conclusions of law, to which no response is required. To the extent a response is required, the same are denied. By way of further response, Baral was in an employment relationship with the facilitating agency that set the care plan for his mother and set the number of hours needed to complete the care.

28. The averments of paragraph 28 contain conclusions of law, to which no response is required. To the extent a response is required, the same are denied.

29. The averments of paragraph 29 contain conclusions of law, to which no response is required. To the extent a response is required, the same are denied.

**COUNT I – FLSA OVERTIME VIOLATION**

**29 U.S.C. § 201, *et seq.***

30. The answers to paragraphs 1 through 29 are incorporated herein.

31. The averments of paragraph 31 contain conclusions of law, to which no response is required. To the extent a response is required, the same are denied.

32. The averments of paragraph 32 contain conclusions of law, to which no response is required. To the extent a response is required, the same are denied.

33. The averments of paragraph 33 contain conclusions of law, to which no response is required. To the extent a response is required, the same are denied.

34. The averments of paragraph 34 contain conclusions of law, to which no response is required. To the extent a response is required, the same are denied.

35. The averments of paragraph 35 contain conclusions of law, to which no response is required. To the extent a response is required, the same are denied.

36. The averments of paragraph 36 contain conclusions of law, to which no response is required. To the extent a response is required, the same are denied.

37. The averments of paragraph 37 contain conclusions of law, to which no response is required. To the extent a response is required, the same are denied.

**COUNT III – PENNSYLVANIA MINIMUM WAGE ACT**

**OVERTIME VIOLATION**

**43 P.S. §33, *et seq.***

**(All Defendants)**

38. The answers to paragraphs 1 through 37 are incorporated herein.

39. The averments of paragraph 39 contain conclusions of law, to which no response is required. To the extent a response is required, the same are denied.

40. The averments of paragraph 40 contain conclusions of law, to which no response is required. To the extent a response is required, the same are denied.

41. The averments of paragraph 41 contain conclusions of law, to which no response is required. To the extent a response is required, the same are denied.

42. The averments of paragraph 42 contain conclusions of law, to which no response is required. To the extent a response is required, the same are denied.

43. The averments of paragraph 43 contain conclusions of law, to which no response is required. To the extent a response is required, the same are denied.

44. The averments of paragraph 44 contain conclusions of law, to which no response is required. To the extent a response is required, the same are denied.

45. The averments of paragraph 45 contain conclusions of law, to which no response is required. To the extent a response is required, the same are denied.

**COUNT III – PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW**

**UNPAID WAGES**

**43 P.S. § 260.9a**

**(All Defendants)**

46. The answers to paragraphs 1 through 45 are incorporated herein.

47. The averments of paragraph 47 contain conclusions of law, to which no response is required. To the extent a response is required, the same are denied.

48. The averments of paragraph 48 contain conclusions of law, to which no response is required. To the extent a response is required, the same are denied.

49. The averments of paragraph 49 contain conclusions of law, to which no response is required. To the extent a response is required, the same are denied.

50. The averments of paragraph 50 contain conclusions of law, to which no response is required. To the extent a response is required, the same are denied.

51. The averments of paragraph 51 contain conclusions of law, to which no response is required. To the extent a response is required, the same are denied.

52. The averments of paragraph 52 contain conclusions of law, to which no response is required. To the extent a response is required, the same are denied.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiffs and those alleged to be similarly situated are entitled to any relief sought by their Complaint. Defendants deny all allegations not specifically admitted.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Complaint is barred by the doctrines of estoppel, waiver, laches, and unclean hands.

3. The claims asserted herein are barred, in whole or in part, by the applicable statute of limitations under the FLSA. Plaintiffs are unable to make a showing of willful conduct by Defendants that would allow their claims to reach beyond the two-year statute of limitations.

4. To the extent that the Complaint makes a claim for punitive or liquidated damages, said claim must fail as any alleged misconduct was contrary to Defendants' good faith efforts to comply with the law.

5. To the extent that the Complaint makes a claim for punitive or liquidated damages, said claim must fail as Defendants did not act with malice or reckless indifference to the rights of Plaintiffs.

6. All alleged acts or omissions by Defendants were undertaken or made in good faith and in conformity with, and reliance on, written administrative regulations, orders, rulings, or interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor, or the administrative practice or enforcement policy of such agency with respect to Defendants, or the courts.

7. Plaintiffs are not entitled to liquidated damages because any alleged acts or omissions of Defendants were undertaken or made in good faith, and Defendants had reasonable grounds for believing that their acts or omissions did not violate the FLSA.

8. Plaintiffs cannot establish that Defendants engaged in willful conduct within the meaning of the FLSA.

9. Plaintiffs have been paid all sums to which they are owed.

10. Plaintiffs are subject to one or more applicable exemptions from the FLSA's overtime rule.

**COUNTERCLAIM 1**

**INTRA-NATIONAL HOME CARE, LLC v. PREM BARAL**

**Breach of Contract**

1. All preceding paragraphs are incorporated herein.

2. Baral's employment with Intra-National was governed by a contract that set forth the terms of Baral's employment.

3. The agreement contained a non-compete clause that precluded Baral from working with a competing employer within the geographic area covered by Intra-National for twelve months following the termination of his employment with Intra-National.

4. The agreement also precluded Baral from soliciting any of Intra-National's consumers to leave Intra-National for a competitor directly or indirectly for a period of twelve months after termination.

5. Baral signed this agreement on May 24, 2019.

6. Baral resigned his employment with Intra-National on June 1, 2020.

7. Intra-National found out that Baral was working for a direct competitor, Smile Homecare, while he was employed with Intra-National and continued his employment with Smile Homecare following his termination with Intra-National.

8. It was also determined that Baral directly solicited numerous Intra-National consumers in the Lancaster, Pennsylvania area to leave Intra-National for Smile Homecare in direct violation of his written contract with Intra-National.

9. Intra-National has lost approximately $4,000,000 in business due to Baral's solicitation of Intra-National consumers.

**COUNTERCLAIM 2**

**INTRA-NATIONAL HOME CARE, LLC v. PREM BARAL**

**Tortious Interference with Contractual Relations**

10. All preceding paragraphs are incorporated herein.

11. Intra-National contracts with its consumers to provide in home companionship care to elderly and disabled individuals.

12. Intra-National's business model and income is solely based upon these contracts.

13. Baral interfered with these contractual relations by soliciting consumers to leave Intra-National for a direct competitor, Smile Homecare.

14. Baral also intentionally deleted consumer information from Intra-National's systems to interfere with Intra-National's contracts with the consumers.

15. Baral knew his conduct was wrong as it was in violation of his terms of employment and designed to get the consumers to terminate their contract with Intra-National.

**COUNTERCLAIM 3**

**INTRA-NATIONAL HOME CARE, LLC. v. PREM BARAL**

**Conversion**

16. All preceding paragraphs are incorporated herein.

17. Intra-National has a property right in the money earned from contracts with consumers for the provision of home care services.

18. Baral deprived Intra-National of that property right by soliciting consumers to leave Intra-National and Baral personally benefitted from that conversion of consumers to Smile Homecare.

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaim Plaintiff respectfully requests that this Honorable Court grant it the following relief:

a. All lost income from each contract Counter-defendant Baral caused to leave Intra-National for Smile Homecare;

b. An injunction enjoining Counter-defendant Baral from employment with Smile Homecare for twelve months from the date of entry of judgment;

c. An injunction enjoining Counter-defendant Baral from soliciting Intra-National consumers to leave Intra-National's services;

d. Compensatory damages for all damage to Intra-National's reputation due to Baral's acts;

e. Special damages (including but not limited to reasonable attorney's fees and litigation costs, pain, suffering, inconvenience, mental anguish, emotional distress, loss of enjoyment of life, and other losses resulting from Counterclaim Defendant's above-described wrongful conduct);

f. Pre and post-judgment interest; and

g. Any and all other relief that the Court deems just and proper.

Respectfully submitted,

Dated: September 14, 2020

*/s/Bruce C. Fox, Esquire*
Bruce C. Fox, Esquire (Pa. ID No. 42576)

Allison N. Genard, Esquire (Pa. ID No. 311253)
OBERMAYER REBMANN
MAXWELL & HIPPEL LLP
500 Grant Street, Suite 5240
Pittsburgh, PA 15219
*bruce.fox@obermayer.com*
*Allison.genard@obermayer.com*
*Counsel for Defendant/Counter-Plaintiff*

## VERIFICATION

I, Dilli Adhikari, hereby declare under the penalties of perjury that the facts averred in the foregoing Complaint are true to the best of my knowledge, information, and belief.

Dated: 09/14/2020

DILLI ADHIKARI