**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

**PREM BARAL,**

**Plaintiff,**

Civil Action No. 1:20-cv-1195-SES

**v.**

**INTRA-NATIONAL HOME CARE, LLC, DILLI ADHIKARI, and MEG SUBEDI,**

**Defendants.**

**DEFENDANTS' OBJECTIONS AND ANSWERS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR ADMISSION**

Defendants, by and through their attorneys, hereby objection to and answer Plaintiff's Second Set of Interrogatories and Request for Admissions as follows:

## I. GENERAL OBJECTIONS

Each of Defendants' answers, in addition to any specifically stated objections, is subject to and incorporates the following general objections. The assertion of the same, similar, or additional objections, or a partial response to an individual Discovery Request does not waive any of Defendants' general objections.

1. Defendants object to these Discovery Requests to the extent that they are overbroad or seek to impose burdens or obligations inconsistent with, or in excess of, those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable rules and statutes. Defendants will respond to each Discovery Request in accordance with the requirements of the Federal and Local Rules.

2. Defendants object to these Discovery Requests to the extent that they seek information that is not relevant to the claims or defenses of any party to this litigation.

3. Defendants object to these Discovery Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or immunity. No information subject to such privilege, protection, or immunity will be provided.

4. The inadvertent disclosure by Defendants of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or immunity, shall not constitute a waiver by Defendants of such protection.

5. In response to these Discovery Requests, Defendants do not concede that any of the responses or information contained herein is relevant or admissible. Defendants reserve the right to object, on the grounds of competency, privilege, relevance, materiality, or otherwise, to the use of this information for any purpose, in whole or in part, in this action or in any other action.

6. Defendants object to these Discovery Requests to the extent that they call for legal conclusions or otherwise attempt to re-cast legal issues as factual matters.

7. Defendants object to any Discovery Request that employs imprecise specifications of the information sought as vague and ambiguous.

8. Unless otherwise stated, Plaintiff will not provide any information encompassed by the foregoing objections.

9. The following Responses reflect Defendants' present knowledge, information and belief and may be subject to change or modification based on further discovery, or facts or circumstances, which may come to Defendants' knowledge. Defendants specifically reserve the right to further supplement, amend or otherwise revise her Responses to these Discovery Requests.

10. The Defendants incorporate the contact information of witnesses set forth in the Defendants' Initial Disclosures.

**Requests For Admission, Interrogatories, and Requests for Production**

**Request for Admission No. 1:**

Once Plaintiff began working as a Case/Marketing Manager for Defendant, he continued in that role until his resignation.

**Admit ____X________________ Deny ____________________**

**Interrogatory No. 1:**

To the extent your response to Request for Admission No. 1 is anything other than an unqualified admission please state your reasons for your denial or partial denial.

**Answer:**

**Request for Production No. 1:**

To the extent your response to Request for Admission No. 1 is anything other than an unqualified admission please produce any and all documents you contend support your denial or partial denial.

**Response:**

**Request for Admission No. 2:**

Defendants did not seek reimbursement for Plaintiff's salary and/or payments as a Case/Marketing Manager from Medicare, Medicaid, or any other source.

**Admit ___X_________________ Deny ____________________**

**Interrogatory No. 2:**

To the extent your response to Request for Admission No. 2 is anything other than an unqualified admission please state your reasons for your denial or partial denial.

**Answer:**

**Request for Production No. 2:**

To the extent your response to Request for Admission No. 2 is anything other than an unqualified admission please produce any and all documents you contend support your denial or partial denial.

**Response:**

**Request for Admission No. 3:**

The parties never entered into any written agreement outlining the terms and conditions of Plaintiff's employment and/or 1099 Independent Contractor relationship with Defendants.

**Admit ____________________ Deny _X__________________**

**Interrogatory No. 3:**

To the extent your response to Request for Admission No. 3 is anything other than an unqualified admission please state your reasons for your denial or partial denial.

**Answer:**

**The parties entered into an agreement which contained terms and conditions of his employment in the Non-Disclosure, Non-Solicitation, Non-Competition Agreement signed by the parties on May 24, 2019.**

**Request for Production No. 3:**

To the extent your response to Request for Admission No. 3 is anything other than an unqualified admission please produce all written agreements outlining the terms and conditions of Plaintiff's employment and/or 1099 Independent Contractor relationship with Defendants.

**Response:**

**See previously produced INTRANATIONAL 118 – 124.**

**Request for Admission No. 4:**

From 2018 to the present, Defendant Intra-National Home Care, LLC, has operated the Lancaster, PA office of their Home Care Agency and/or Home Care Registry located at 451 East Ross Street, Lancaster PA 17602.

**Admit ___X________________ Deny ___________________**

**Interrogatory No. 4:**

To the extent your response to Request for Admission No. 4 is anything other than an unqualified admission please state your reasons for your denial or partial denial.

**Answer:**

**Request for Production No. 4:**

To the extent your response to Request for Admission No. 4 is anything other than an unqualified admission please produce any and all documents you contend support your denial or partial denial.

**Response:**

**Request for Admission No. 5:**

Defendant Intra-National Home Care, LLC, has never been issued a license to operate a Home Care Agency and/or Home Care Registry from the Pennsylvania Department of Health *specifically out of their Lancaster, Pennsylvania office located at 451 East Ross Street, Lancaster PA 17602.*

**Admit ___________________ Deny __X_________________**

**Interrogatory No. 5:**

To the extent your response to Request for Admission No. 5 is anything other than an unqualified admission please state your reasons for your denial or partial denial.

**Answer:**

**Defendant Intra-National obtains licenses for the Harrisburg, Pennsylvania office and it applies to the Lancaster office because it is within 50 miles of the Harrisburg office.**

**Request for Production No. 5:**

To the extent your response to Request for Admission No. 5 is anything other than an unqualified admission please produce any and all documents you contend support your denial or partial denial.

**Response:**

**See INTRANATIONAL 596 – 599.**

**Interrogatory No. 6:** Please identify the time period(s) during which Defendants paid Plaintiff as a 1099 Independent Contractor and the period(s) during which Defendant paid Plaintiff as a W-2 Employee between April 2018 and June 2020, identifying specifically the time period and tax-designation (1099/W-2) *for each specific role or position* Plaintiff filled during this period.

**Answer:**

**Plaintiff was not paid as an Independent Contractor for any of his work as a Case/Marketing Manager. Rather, some of the bonus payments made to Plaintiff were on a 1099 basis where Plaintiff was responsible for paying taxes for the payments. Plaintiff was paid as a W2 salaried employee for his work as a Case/Marketing Manager and as an hourly employee with a W2 for his work as a Direct Care Worker.**

Respectfully submitted,
OBERMAYER, REBMANN, MAXWELL & HIPPEL LLP

Dated: June 22, 2021

By: */s/ Allison N. Genard, Esq.*

Bruce C. Fox, Esquire (Pa Bar 42576)
Bruce.Fox@Obermayer.com
Allison N. Genard, Esq. (Pa Bar 311253)
Allison.Genard@obermayer.com
525 William Penn Place, Suite 1710
Pittsburgh, PA 15219
(412) 566-1500
*Counsel for Defendants*

## VERIFICATION

I, Dilli Adhikari, verify under the penalties of perjury that the foregoing ANSWERS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS are true and correct to the best of my knowledge, information, and belief.

Dated: _6/22/2021__ *s/ Dilli Adhikari*________________________

Dilli Adhikari

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of June, 2021, the foregoing Defendants' Answers to Plaintiffs' Second Set of Interrogatories and Requests for Production of Documents Directed to Defendants have been served upon the following Counsel via electronic mail:

Marc Schneider, Esq.
Nicholas Pahuta, Esq.
Steele Schneider
One Gateway Center
420 Ft. Duquesne Blvd., Suite 500
Pittsburgh, PA 15222
Counsel for Plaintiff

Respectfully submitted,
*s/ Allison N. Genard*
Allison N. Genard, Esq.