STEELE SCHNEIDER
ATTORNEYS AT LAW

One Gateway Center
420 Ft. Duquesne Blvd, Suite 500
Pittsburgh, PA 15222

PHONE: 412.235.7682
FAX: 412.235.7693

March 15, 2021

***Via Email***

Bruce Fox, Esq. and Allison Genard, Esq.
Obermayer Rebmann Maxwell & Hippel LLP
525 William Penn Place, Suite 1710
Pittsburgh, PA 15219
bruce.fox@obermayer.com
allison.genard@obermayer.com

**Re: Baral v. Intra-National Home Care, *et al.***
**Discovery Deficiency Notice**

Allison and Bruce,

Included with this message please find Plaintiff's responses and objections to Defendant's first set of written discovery requests. After preparing Mr. Baral's responses and comparing his records to the documents your client was able to produce this week, there are certain deficiencies in Defendants' responses that I hope to clear up.

Please allow this letter to serve as a formal request by Plaintiff Prem Baral that Defendants cure the discovery deficiencies at issue in the manner and within the time provided in this letter. We remain hopeful that the parties can resolve these deficiencies without need of the Court's involvement.

In addition to the requests that you've indicated will be answered in a supplemental response (Interrogatory 4, RFPD 3, RFPD 6, RFPD 7, RFPD 8, and RFPD 9), the responses that you have provided are deficient for the following reasons:

- **Interrogatory No. 3:** To the extent that Defendant will claim that Plaintiff's work as a "Case/Marketing Manager" or any other position is exempt from overtime requirements of the FLSA, please specify which exemptions apply.

- **Interrogatory No 4:** Please provide the dates of employment for Plaintiff's work as a "Case/Marketing Manager" and the associated rate of pay or salary for each position that Plaintiff filled with Defendants. Please also distinguish in Defendants' answer which pay records substantiate wages for Baral's role as a DCW and which reflect payments made for some other purpose.

  Defendants' answer indicates that the rates for these positions can be gleaned from the associated pay stubs, but that is not the case. To the extent that Mr. Baral was a salaried employee in any position, please provide an explanation for the variable payments made

to him and the changing tax treatment of those payments between January 2019 and May 2020. To the extent that INHC contracted with Baral as a 1099 independent contractor, please specify the terms of that arrangement and provide any documentation justifying the sporadic, irregular 1099 payments reflected in INHC's documentation. Alternatively, to the extent you believe a full response to these concerns can be gleaned from produced documents, please identify the specific documents and the manner in which the particular documents provide such a full response.

- **Interrogatory No. 6:** As requested, please identify the factual basis for Defendants' assertions made in this response. Specifically, please indicate what evidence or sources of information Defendants relied upon to come to the following conclusions: "… most of the individuals that left Intra-National went to Smile Home Care, and many of the care recipients and Direct Care Workers were not even aware that they were changed from Intra-National to Smile Home Care. Additionally, prior to Plaintiff's resignation he took, destroyed, and/or altered records related to care recipients." Please identify both the factual basis or sources of information that led Defendants to these conclusions, and the factual basis or sources of information that led Defendants to believe that these alleged actions were undertaken in service of Smile Home Care.

- **Interrogatory No. 8:** Please specify which payment records produced by Defendants reflect payments for Plaintiff's work as a DCW, which records reflect payments for Plaintiff's work as a Case/Marketing Manager, and which (if any) records reflect payments for other services. Additionally, please provide any additional pay records in Defendants' possession regarding the "one time payment related to his service as the Case/Marketing Manager."

- **Request for Production No. 1:** To the extent that Plaintiff was paid by Defendants, in part, on a 1099 basis (as reflected in the produced records), please provide any and all agreements between the parties clarifying this relationship.

- **Request for Production No. 2:** Defendants have indicated that they do not create or possess records regarding the profit and loss of INHC's Lancaster, Pennsylvania location. Please see P000073-74. Please clarify the provenance of this document to the best of Defendants' knowledge and indicate whether this document is unique or was produced as part of Defendants' regular recordkeeping practices.

- **Request for Production No 4:** As identified in Plaintiff's initial disclosures, Plaintiff is in possession of *some* pay records from his time at INHC. Those records reflect a number of payments that are unaccounted for in Defendants' production. P000032-38, amounting to $12,610.69. Upon reviewing copies of Plaintiff's records, please advise as to why these payments were not accounted for in Defendants' discovery responses and whether any additional pay records could exist that have not been exchanged between the parties at this point. To the extent all records in Defendant's possession have been produced, please provide a response consistent with Instruction No. 4 in Plaintiff's written discovery requests regarding documents that have been lost, destroyed, or are otherwise undiscoverable.

Plaintiff hereby requests that Defendant correct its response to Plaintiff's First Set of Interrogatories and Requests for the Production of Documents. Defendant's obligations to respond to these requests under the Federal Rules of Civil Procedure are continuing as new information is gathered by the parties. FCRP 26(e)(1)(A). Please note that if Defendant refuses to do so, Plaintiff reserves his right to seek all remedies available to him under Federal Rule of Civil Procedure, including attorneys' fees and costs. Plaintiff requests that INHC correct, supplement, and otherwise complete its discovery responses in the manner set forth in this letter by no later than **March 29, 2021**.

If Defendants are unwilling or unable to supplement its discovery responses in the manner and within the time period set forth above, I'm requesting that the parties schedule a time to confer regarding these issues over the phone and, if necessary, seek the Court's guidance.

Sincerely,

*/s/ Nick Pahuta*
Nicholas Pahuta, Esq.
STEELE SCHNEIDER

Encl:

- Plaintiff's Response to Defendants' First Set of Interrogatories and Requests for Production of Documents
- P000016-74

**Allison N. Genard**

Direct Dial: (412) 209-0870
allison.genard@obermayer.com
www.obermayer.com

**Obermayer Rebmann Maxwell & Hippel LLP**
525 William Penn Place, Suite 1710
Pittsburgh, PA 15219
P (412) 566-1500
F (412) 281-1530

April 27, 2021

Nicholas Pahuta, Esq.
Steele Schneider
One Gateway Center
420 Ft. Duquesne Blvd., Ste.500
Pittsburgh, PA 15222

RE: Baral v. Intra-National Home Care, LLC
Response to Discovery Deficiency Notice

Nicholas,

Please consider this Defendant's response to your discovery conferral letter dated March 15, 2021.

**Interrogatory No. 3**: Plaintiff's Interrogatory No. 3 requests Defendants to identify each and every category of exemption to the Fair Labor Standards Act's overtime requirement that you considered Plaintiff to fall under when he worked for Defendant Intra-National Home Care. In Plaintiff's Second Amended Complaint, the only claims were unpaid overtime premiums for work performed as a Direct Care Worker. Accordingly, the request in the deficiency notice is outside the scope of the original Interrogatory. Without waiving this objection, Plaintiff was employed as an Independent Contractor when performing his duties as a Case/Marketing Manager and was therefore exempt from the FLSA and Pennsylvania Wage and Hour laws.

**Interrogatory No. 4:** Based upon the wording of Interrogatory No. 4, it is believed that Plaintiff is actually attempting to confer on Interrogatory No. 5.

**Interrogatory No. 5:** Wewill supplement with Plaintiff's start date as the Case/Marketing Manager, the rate of pay, and calculation of pay for this position. Plaintiff was a Case/Marketing Manager until he resigned from Intra-National.

**Interrogatory No. 6:** We will supplement the request to this Interrogatory.

**Interrogatory No. 8:** The pay records that list number of hours worked and a corresponding hourly rate reflect payments to Plaintiff as a Direct Care Worker. The one-time payment related to his work as a Case/Marketing manager is the payment at

issue in this matter, and was produced by Plaintiff and marked P000015. We are in the process of searching for additional documents to explain the basis for the various payments to Plaintiff in his capacity as Case/Marketing Manager and will produce those if they are identified.

Request for Production No. 1: Please see Plaintiff’s First Supplemental Discovery Responses.

Request for Production No. 2: Plaintiff is requesting information that is more properly explored in any Interrogatory or during a deposition, and we suggest that you do so.

Sincerely,

Allison N. Genard